BANK OF THE UNITED STATES' LESSEE *v.* WHITE.

Ejectment—title under execution—variance between judgment and execution—clerk's certificate—evidence.

A party making title under a sale on execution, must show a judgment and a levy.

If the execution offered, describe a judgment for a greater amount in costs than is named in the judgment, it is competent to prove that the variance arose from improperly adding to the costs the increase costs arising upon a former execution.

Without such explanation, the execution will be held to have issued upon another judgment.

The clerk of a court has no authority to certify, under the seal of the court, any matter not of record, or on file; such facts, though connected with his official duties, must be proven, as other facts are.

EJECTMENT for a section of land. The plaintiff exhibited a deed from J. C. Symmes to the defendant, for sec. 1, township 3, range

Bank of the United States *v.* White.

1, dated 1st February, 1795, and proved the defendant in possession for several years, and at the time of serving the declaration in *ejectment. He then offered an exemplification of a judgment [**52** in the seventh Circuit Court of the United States, of the 8th September, 1822, in favor of the Bank of the United States *v.* Edward White, for $29,798.43 damages, and $119.88 costs. Also, a *fi. fa.* issued from the same court, in a case between the same parties, returned with a levy on sec. 1, &c., which remained unsold for want of bidders. He then produced an exemplification of a *vendi exponas,* certified by the clerk of that court to have issued upon the same judgment, on which was endorsed a sale to the plaintiffs, by the *marshal.*

*E. King,* for defendant, objected to the *vendi,* because it appeared to have been issued upon a different judgment. The *vendi* offered recites a judgment for $29,798.43 damages, and $141 *costs,* while the judgment is for $119.88 *costs.*

*Fox, Caswell,* and *Starr,* contra, insisted that the difference objected to was occasioned by the *increase* costs on the *fi. fa.* which has been added in the *vendi,* and relied upon the clerk's certificate that the *vendi* issued on the same judgment.

WRIGHT, J. Unexplained, this *vendi* seems to have been issued upon a different judgment than the one proven here. It is necessary to prove a judgment, as well as an execution. No one will pretend to make title through a *vendi,* without a judgment and levy. The original executions are competent evidence, and exemplified copies, under the seal of the court, are received, not because they are *records,* for the execution and proceedings on them form no part of the final record in the cause, as they are issued and returned, after the record is completed ; but because they are papers belonging to the clerk's office, papers which the public is interested in preserving in a known place, stationary, in the public office. What appears on the face of the execution or return, the clerk may certify under the seal of the court, and it will be admitted. What the clerk so certifies in this case shows *prima facie* that this *vendi* issued upon a different judgment than the one relied upon. His certificate, that this execution was, as a matter of fact, within his own knowledge, issued upon this same judgment, is not of any matter of record, or copy of any paper filed in his office. We know no law or usage, making the written statement of the clerk of any court, under the seal of the court, evidence of *facts* within the knowledge of the clerk. If *his* knowledge is to be made evidence, he should be sworn, and testify as other witnesses do. It is com-

petent to prove as a matter of fact, by competent evidence, that this execution was *issued upon the judgment in question, but without such evidence the *vendi* must be rejected. The clerk's certificate is not competent to prove that fact.

The plaintiff having no other evidence, submitted to a non suit.